IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-424 |
| | § | C.A. No. 06-249 |
| JOSE DANIEL GONZALEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GIVING
NOTICE TO MOVANT OF RECHARACTERIZATION,
DENYING AS MOOT MOTIONS TO PROCEED
*IN FORMA PAUPERIS*, AND DENYING WITHOUT
PREJUDICE  MOTIONS FOR TRANSCRIPTS AND RECORDS**

Jose Daniel Gonzalez ("Gonzalez") was sentenced by this Court on February 9, 2006, and judgment of conviction was entered on February 13, 2006. (D.E. 21, 22). Gonzalez did not appeal.  On May 8, 2006, the Clerk of this Court received from Gonzalez a motion for transcripts and copies of all motions filed by his attorney, as well as a motion to proceed *in forma pauperis*, both of which have not yet been ruled upon.  (D.E. 24, 25). On June 15, 2006, he filed a motion styled as a motion pursuant to 28 U.S.C. § 2241 (D.E. 26, 28), as well as newer versions of his motion to proceed *in forma pauperis* and motion for transcripts and court records (D.E. 27, 29).  All of these motions are now pending before the Court and are addressed herein.

1

**I.     Motion Pursuant to 28 U.S.C. § 2241**

In his motion styled as a § 2241 motion, Gonzalez challenges his conviction on the grounds that his constitutional speedy trial rights were violated, and that the statute pursuant to which he was convicted is unconstitutional. (See D.E. 26, 28). Although the motion does not explicitly reference 28 U.S.C. § 2255, his motion challenges his conviction and resulting sentence on constitutional grounds, and thus the relief he seeks should have been brought in a motion under 28 U.S.C. § 2255.   See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence.... Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255).

Because Gonzalez has not indicated an intent to file such a motion, however, the Court will not construe his motion as a § 2255 motion until it gives the warnings discussed by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). The Supreme Court's decision in Castro held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization.[1]  540 U.S. at 383.

---

[1] It appears that any § 2255 motion filed by Gonzalez likely would be time-barred because it was not filed within one year after his judgment became final, the typical limitations period for such motions. The Court need not address that issue at this time, however.

Pursuant to Castro, therefore, Gonzalez is hereby advised that the Court intends to characterize the claims raised in his motion as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is further advised that, if the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Gonzalez will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2] See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

---

[2] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In light of the foregoing, if Gonzalez wishes to supplement his motion with additional grounds, or wishes to voluntarily withdraw his motion, he must do so within 45 days after the entry of this Order. If he fails to do so, this Court will construe his motion as a § 2255 motion, and will rule on it.

## II.     Motions to Proceed *In Forma Pauperis*

As noted, Gonzalez has also filed two motions to proceed *in forma pauperis*. (D.E. 25, 29). For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing a § 2255 motion and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Thus, to the extent that Gonzalez seeks to obtain *in forma pauperis* status for purposes of filing fees,[3] there is no need for such status. Accordingly, his motions to proceed *in forma pauperis* status (D.E. 24, 29) are DENIED AS MOOT.

## III.    Motions for Records and Transcripts

Gonzalez has filed two requests asking for copies of transcripts in the case at government expense and for copies of each document in the record. He does not explain why he needs the documents, but simply states that he cannot afford to pay for them, and offers his *ifp* applications in support of his claim of indigence.

---

[3] To the extent those motions were solely intended to support his request for copies of transcripts and other documents, that request is addressed in Section III of this Order.

4

An indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

At this time, the only claims in Gonzalez's petition are that his constitutional rights to a speedy trial and due process were violated due to delays in his indictment and prosecution, and that the statute of his conviction, which makes it an offense for a convicted felon to possess a firearm, violates the Second Amendment of the United States Constitution. Neither of these claims require reference to portions of the record or require the Court to review any transcripts in this case. Accordingly, Gonzalez has not shown a need for the documents or transcripts he seeks. See 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Accordingly, his motions for records and transcripts (D.E. 24, 27) are DENIED WITHOUT PREJUDICE.

If Gonzalez elects to file additional claims as part of his § 2255 motion, as discussed in Section II infra, then it is possible that he may be entitled to transcripts or records in order to further support those claims or to rebut any evidence or arguments put forth by the

government. Accordingly, if Gonzalez wishes to renew his request for transcripts or records at the time of filing any additional claims, the Court will consider his renewed request at that time.

## IV.    CONCLUSION

As set forth above, Gonzalez is hereby notified that this Court intends to construe his motion as a motion pursuant to 28 U.S.C. § 2255 and is given 45 days to supplement his motion with additional grounds, or to inform the Court that he wants to voluntarily withdraw his motion. If he fails to supplement his motion or withdraw it within 45 days, this Court will construe it as a § 2255 motion, and will rule on it.

Additionally, Gonzalez's motions to proceed *in forma pauperis* (D.E. 25, 29) are DENIED AS MOOT, and his motions for records and transcripts (D.E. 24, 27) are DENIED WITHOUT PREJUDICE.

ORDERED this 24th day of July 2006.

_____
HAYDEN HEAD
CHIEF JUDGE