IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-424 |
| | § | C.A. No. 06-249 |
| JOSE DANIEL GONZALEZ, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO WITHDRAW
AND DISMISSING WITHOUT PREJUDICE
MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AND ADDRESSING OTHER PENDING MOTIONS**

**I. BACKGROUND**

Jose Daniel Gonzalez ("Gonzalez") was sentenced by this Court on February 9, 2006, and judgment of conviction was entered on February 13, 2006. (D.E. 21, 22). Gonzalez did not appeal. On June 15, 2006, he filed a document styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (D.E. 26, 28). In a Memorandum Opinion and Order entered July 24, 2006, the Court addressed a number of minor motions also filed by Gonzalez. (D.E. 34). In the same order, the Court provided Gonzalez the warnings required by Castro v. United States, 540 U.S. 375 (2003) and further notified him that it intended to construe his § 2241 motion as a § 2255 motion. (D.E. 34 at 2-3). The Court instructed Gonzalez to notify the Court within forty-five days as to how he wanted

1

to proceed, e.g., whether he wanted to voluntarily withdraw his motion, or add additional grounds.

## II.  ANALYSIS

### A.  Gonzalez's Motions to Withdraw and to Dismiss His § 2241 Petition

Since the entry of Court's Order, Gonzalez has filed two motions to withdraw. In them, he seeks a voluntary dismissal of his § 2241 petition, so that he may add additional claims to any § 2255 motion he files within the applicable limitations period. Gonzalez's motions to withdraw (D.E. 38, 40) are GRANTED. The Court DISMISSES WITHOUT PREJUDICE Gonzalez's § 2241 petition, which was docketed as a § 2255 motion. (D.E. 26).

### B.  Additional Motions

#### 1.  Motions for Transcripts and Court Documents

In addition to his substantive motion, Gonzalez has filed a number of other motions, all of which are currently pending before the Court. In several of those motions, he seeks copies of court documents and transcripts at government expense. Although his *in forma pauperis* application supports a finding that he is indigent, Gonzalez nonetheless has not shown his entitlement to those documents and transcripts. As noted in the Court's prior order, an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the

2

documents are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

In light of the fact that Gonzalez has now voluntarily withdrawn his petition, he has no pending suit before the Court. Accordingly, he does not meet the statutory requirements for transcripts. See 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Even if his § 2255 motion remained pending, moreover, his only claims are that: (1) his constitutional rights to a speedy trial and due process were violated due to delays in his indictment and prosecution; and (2) the statutes pursuant to which he was convicted are unconstitutional. Neither of these claims would require reference to motions filed in the case or require the Court to review any transcripts in this case.

For the foregoing reasons, Gonzalez's pending motions for transcripts and court records (D.E. 32, 36) are DENIED WITHOUT PREJUDICE. The Clerk shall, however, provide to Gonzalez a copy of the docket sheet, indictment, and judgment in his criminal case. If Gonzalez elects to file a § 2255 motion with additional claims, then it is possible that he may be entitled to transcripts or records in order to further support those claims or to rebut any evidence or arguments put forth by the government. Accordingly, if Gonzalez wishes to renew his request for transcripts or records at the time he files a § 2255 motion

3

and adds additional claims, the Court will consider his renewed request at that time. In the interim, if Gonzalez wants to obtain any such documents or transcripts at his own expense, he is free to do so.

### 2. Motions for Grand Jury Minutes and Evidence

In three separate motions, Gonzalez requests that the Court provide him with the evidence provided to the grand jury (D.E. 33, 35), the grand jury minutes (D.E. 35), and a copy of an "ATF report given to the grand jury." (D.E. 41 at ¶ 2).[1] Again, in light of his withdrawal of his petition, this Court has no jurisdiction to grant a motion requesting grand jury transcripts. United States v. Carvajal, 989 F.2d 170, 170 (5th Cir. 1993). Notably, moreover, Gonzalez does not contend that there was any irregularity in the grand jury proceedings, nor does he explain why he wants the information about evidence presented to the grand jury, or what he believes it will show. As the Carvajal court noted:

> Grand jury proceedings are normally secret; [Defendant] cannot now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255.

989 F.2d at 170 (citation omitted). Gonzalez may not conduct such a fishing expedition, either. His motions for grand jury evidence and minutes (D.E. 33, 35, 41 at ¶ 2) are DENIED.

---

[1] In separate paragraphs of docket entry 41, Gonzalez requests a copy of an ATF report allegedly given to the grand jury, and he also reiterates his earlier request seeking the return of property that is allegedly in the custody of the United States Marshals. These independent requests are addressed separately in this Order.

### 3. Motions Seeking Return of Property

In a letter addressed to United States Magistrate Judge Ellington and received by the Clerk on July 12, 2006, Gonzalez asks for the return of property. He explains that the property was taken from him on when he was transferred from TDCJ custody to federal custody and appeared before Judge Ellington on September 9, 2005 for his initial appearance. He does not identify the property with specificity, except to say that it included "sentimental pictures of [his] children that cannot be replaced" and that the rest "holds no value." (D.E. 31 at 1). Gonzalez again asks about his property in a motion filed on September 6, 2006. (D.E. 41 at ¶ 1).

The Court has conferred with the United States Marshals Service in Corpus Christi ("USMS") on this issue, and has been informed that the USMS does not have possession of any property belonging to Gonzalez. The USMS has also provided the Court with a document titled "Personal Property Notice" appearing to contain Gonzalez's signature. The document informs Gonzalez as to what property he is authorized to have, and the short list does not include personal photos. In addition to that list, the form states:

> Persons remanded to U.S. Marshals Service custody are not allowed to retain personal property beyond that which has been described to you during processing. You have been given an opportunity to have all excess property transferred to your attorney, a relative, or shipped to a home address, etc.
>
> Any excess property which is not disposed of within 30 days will be considered abandoned and will be destroyed or otherwise disposed of by the U.S. Marshals Service. <u>BE</u>

<u>ADVISED THAT EXCESS PROPERTY WILL NOT BE MAILED BY THIS OFFICE.</u>

(emphasis in original). Gonzalez's signature appears below the foregoing text.

Thus, although it is not clear that the USMS ever had possession of his personal photos,[2] even if it did have them, they would have been destroyed if not picked up within thirty days, as Gonzalez was warned. Because it appears that the USMS does not have possession of Gonzalez's property, his motions (D.E. 31, 41 at ¶ 1) are DENIED WITHOUT PREJUDICE to his ability to pursue other remedies.

### III. CONCLUSION

For the foregoing reasons, Gonzalez's motions to withdraw the document he styled as a § 2241 petition (D.E. 38, 40) are GRANTED and his motion to vacate under 28 U.S.C. § 2255 (D.E. 26) is DISMISSED WITHOUT PREJUDICE. Gonzalez's motions for transcripts and court records (D.E. 32, 36) are DENIED WITHOUT PREJUDICE, except that the Clerk is directed to send to Gonzalez a copy of the indictment, judgment, and docket sheet in his criminal case. His motions for grand jury evidence and minutes (D.E.

---

[2] It is also possible that the photographs or other property were retained by the Nueces County Jail where he was held prior to being brought to Court. The USMS inquired about Gonzalez's property with that facility. The Nueces County Jail had no record of receiving any photos from Gonzalez. Also, like the USMS, that facility has a 30-day period for prisoners to have their property transferred or given to a family members prior to it being destroyed or disposed of.

33, 35, 41 at ¶ 2) are DENIED.  Finally, his motions requesting the return of his property (D.E. 31, 41 at ¶ 1) are  DENIED WITHOUT PREJUDICE.

ORDERED this 27th day of September 2006.

_____
HAYDEN HEAD
CHIEF JUDGE