IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff/Respondent, | § § | |
| V. | § § | CR. No. C-05-424 |
| | § | C.A. No. C-07-45 |
| JOSE DANIEL GONZALEZ, | § § | |
| Defendant/Movant. | § | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TRANSCRIPTS AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR LAW LIBRARY ACCESS

Pending before the Court are two motions filed by Movant Jose Daniel Gonzalez ("Gonzalez"). In the first, Gonzalez requests free copies of transcripts in his underlying criminal case, to assist with his pending motion under 28 U.S.C. § 2255. (D.E. 47.) The second is a letter motion received by the Clerk on March 1, 2007, in which Gonzalez asks the Court for assistance in gaining access to his prison's law library. (D.E. 49.)

### I. MOTION FOR TRANSCRIPTS

An indigent defendant, which Gonzalez has already been determined to be, has a statutory right to free transcripts in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317, 96 S. Ct. 2086 (1976). The defendant must, however, establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f). Gonzalez currently has a § 2255 motion

1

pending before the Court.

As noted in the Court's order requiring the government to respond (D.E. 48), Gonzalez's plea agreement contains a waiver of his right to file a § 2255 motion. Such waivers are generally enforceable, so long as they are knowing and voluntary. See United States v. White, 307 F.3d 336 (5th Cir. 2002) (waivers of § 2255 rights are generally enforceable; only ineffective assistance claims that challenge the validity of the waiver itself remain viable). This Court will likely review the rearraignment transcript to determine whether or not Gonzalez's waiver was knowing and voluntary. Thus, reference to that transcript is necessary to decide an issue pending in the suit, and a copy should be provided to Gonzalez. Until the issue of his waiver is resolved, it is not necessary that Gonzalez be given a copy of the sentencing transcript.[1]

For the foregoing reasons, the motion is GRANTED as to the rearraignment transcript and denied as to all other transcripts. The Clerk is hereby directed to mail a copy of Gonzalez's rearraignment transcript (D.E. 51) to him at no charge.

## II. MOTION FOR LAW LIBRARY ACCESS

In his letter motion for law library access, Gonzalez states that he has been prevented from accessing the law library at his current place of incarceration, the Montgomery County Jail. (D.E. 49.) He claims that he has spoken to the grievance officer and also asked for

---

[1] The sentencing and rearraignment transcripts in the case have already been ordered by the government and are on file. (See D.E. 50, 51.)

assistance from the United States Marshals in Houston, but has been unable to gain access to the jail's law library.

Gonzalez further explains that he has been in the county jail since his sentencing and appears to be requesting that he be transferred to a federal facility soon so that he can have access to a library. He states that he seeks "a fair shot at [his] 2255" and wants to "properly prepare for the government's responce [sic] to [his] motion." (D.E. 49 at 1.)

To the extent that Gonzalez is seeking a transfer to a federal facility, his motion is not properly addressed by this Court. If he is in federal custody, the Bureau of Prisons determines where he should be housed. If he remains in state custody on other charges, then the Bureau of Prisons is unable to transfer him to a federal facility.

Moreover, his claim for assistance in accessing the law library so that he can reply to the government's response is premature. The government's response is not even due until April 2, 2007. Gonzalez has thirty days from the date he is served with the response to file his reply. Thus, he has ample time between now and when his response will be due to gain access to the law library. Thus, the Court DENIES his motion. (D.E. 49.) The denial is without prejudice to his ability to ask for the same relief from this Court, or to seek an extension of time to file his reply, if he continues to be denied access through the time his response is due.

### III. CONCLUSION

For the reasons set forth herein, Gonzalez's motion for transcripts (D.E. 47) is

3

GRANTED as to the rearraignment transcript, but DENIED as to all other transcripts. His motion for law library access is DENIED WITHOUT PREJUDICE.

ORDERED this 30th day of March, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE